UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PARALYZED VETERANS
OF AMERICA,

            Plaintiff,

v.                                                         Case No. 14-14601
                                                           HON. TERRENCE G. BERG
THE CHARTER TOWNSHIP OF                                    HON. MONA K. MAJZOUB
OAKLAND, MICHIGAN

            Defendant

*and*

MOCERI/DM INVESTMENTS, LLC, et al.,

            Plaintiffs,

v.                                                         Case No. 14-14697
                                                           HON. TERRENCE G. BERG
THE CHARTER TOWNSHIP OF                                    HON. MONA K. MAJZOUB
OAKLAND, MICHIGAN

            Defendant
_____/

**ORDER RESOLVING PENDING MOTIONS, CONSOLIDATING CASES,
AND DECLINING SUPPLEMENTAL JURISDICTION
<u>OVER STATE LAW CLAIMS</u>**

Before the Court are two cases brought against Defendant, the Charter Township of Oakland, Michigan, arising from the Township's disapproval a plan to allow the construction of a multi-family housing development intended to serve the needs of elderly and disabled residents in the Township. For ease of reference, Case No. 14-14697, brought by Plaintiffs Moceri/DM Investments, LLC, and Joan M.

Buser, shall be called the DM case; while Case No. 14-14601, brought by Plaintiff Michigan Paralyzed Veterans of America, shall be referred to as the Veterans case.

In the DM case, a number of motions have been filed in relation to the pleadings. These motions include Plaintiffs' motion challenging the sufficiency of Defendant's answer and affirmative defenses, filed on March 6, 2015 (Dkt. 12); Defendant's motion to dismiss Count VI of Plaintiffs' complaint, filed on April 28, 2015 (Dkt. 19); and Plaintiffs' motion for leave to amend their complaint, filed on May 27, 2015. (Dkt. 21.)

The pendency of these motions was preventing the Court from issuing a joint scheduling order[1] because the issues raised in the motions bore on the scope of discovery in both of the above-captioned cases. On June 11, 2015, the Court held a telephonic status conference attended by all parties to discuss the pending motions and the need to go forward with the discovery process. (June 11, 2015 text-only entry.)

After careful review and consideration of the parties' briefs, the Court finds that oral argument would not significantly aid the Court's decision. Accordingly, the motions filed in the DM case, Case No. 14-14697, will be decided without a hearing.

---

[1] This case was reassigned to this Court on January 13, 2015 as a companion to *Michigan Paralyzed Veterans of America v. The Charter Township of Oakland, Michigan*, Case No. 14-14601. (Case No. 14-14697, Dkt. 4.) On March 10, 2015, all parties in the above-captioned cases filed a joint discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Case No. 14-14601, Dkt. 11; Case No. 14-14697, Dkt. 13.) In this plan, the parties agreed to consolidate the cases for the purposes of discovery only. (Case No. 14-14601, Dkt. 11, p. 8; Case No. 14-14697, Dkt. 13, p. 13.) On June 11, 2015, the parties were directed to confer and submit a revised joint discovery plan. (June 11, 2015 text-only entry.) On June 25, 2015, the parties filed a second joint discovery plan that revises the original recommended case management dates. (Case No. 14-14601, Dkt. 13, pp. 8-9; Case No. 14-14697, Dkt. 29, pp. 9-10.) No scheduling order has been entered in either case.

2

*See* E.D. Mich. LR 7.1(f)(2). With regard to the DM Plaintiffs' motion for leave to file an amended complaint (Dkt. 21), the motion will be **GRANTED**. Consequently, the DM Plaintiffs' earlier filed motion to strike Defendant's answer (Dkt. 12) will be **DENIED AS MOOT**. The DM Plaintiffs' amended complaint, attached to the motion as Exhibit 1, will be accepted for filing.[2]

As to both the DM case and the Veterans case, the Court is declining to exercise supplemental jurisdiction with respect to Plaintiffs' state law claims, pursuant to 28 U.S.C. §1367(c)(2) and (4). As a result, these claims will be **DISMISSED WITHOUT PREJUDICE**. Because the Court will dismiss all of the state law claims in the above-captioned cases, which include Count VI in the DM complaint, Defendant's motion to dismiss Count VI of the DM Plaintiffs' complaint (Dkt. 19) will also be **DENIED AS MOOT.**

Finally, because these cases involve common questions of law or fact, they will be ORDERED **CONSOLIDATED** in accordance with Federal Rule of Civil Procedure 42(a), under the lower case number of 14-10601. Case No. 14-14697 will be statistically **DISMISSED.** The Court will then issue a scheduling order in the consolidated case, Case No. 14-14601.

---

[2] Defendant will be permitted to file an amended answer. In anticipation thereof, the Court notes, however, that Rule 8 of the Federal Rules of Civil Procedure requires that a Defendant respond to all allegations in one of the three ways listed in Rule 8(b). In its first amended answer (Dkt. 15), Defendant responded to certain allegations by stating that it "neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law rather than allegations of fact and, therefore, leave Plaintiffs to their proofs." (*E.g.*, Dkt. 15, ¶ 42.) Such an answer is not authorized under the Rule. Pursuant to Rule 8(b), Defendant may admit an allegation, deny an allegation, or state that it lacks sufficient knowledge or information to form a belief as to the allegation's truth. Refusing to admit or deny an allegation because it calls for a legal conclusion is not permissible under the Rule. In fashioning any future responsive pleadings, Defendant is directed to avoid such language.

## I. ANALYSIS

Plaintiffs in both cases challenge Defendant Oakland Township's denial of a plan to build a multi-family housing development for the elderly and disabled. Defendant maintains that its denial of Plaintiff Moceri/DM Investments, LLC's application for a special accommodation use was not motivated by discriminatory animus and that Plaintiffs simply failed to meet the requisite standard for approval. Plaintiff Michigan Paralyzed Veterans of America filed its Complaint in Case No. 14-14601 on December 5, 2014 alleging violations of: (1) the Fair Housing Act; (2) the Americans with Disabilities Act; and (3) Michigan's Persons with Disabilities Civil Rights Act. (Dkt. 1.)

On December 11, 2014, Plaintiffs Moceri/DM Investments, LLC and Joan Buser filed a Complaint in Case No. 14-14697 against Defendant alleging violations of: (1) the Fair Housing Act; (2) the Americans with Disabilities Act; (3) the Equal Protection and Due Process clauses of the United States and Michigan State Constitutions; (4) Michigan's Zoning Enabling Act; (5) Michigan's Elliott-Larsen Civil Rights Act; and (6) Michigan's Persons with Disabilities Civil Rights Act.[3] (Dkt. 1.) Case No. 14-14697 was then reassigned to this Court on January 13, 2015 as a companion to Case No. 14-14601. (Case No. 14-14697, Dkt. 4.)

---

[3] The 68-page Complaint in the DM case is a far cry from being a "short and plain statement" of Plaintiff's claims, as a complaint should be according to Rule 8 of the Federal Rules of Civil Procedure. Many of the allegations are duplicative and compound, consisting of numerous sentences or multiple subparagraphs. Others are legal arguments that would be more at home in advocacy briefs or memoranda of law. (*E.g.*, Dkt. 1, ¶¶ 25, 28, 31, 44-45, 58, 73, 85, 130, 131, and 169.) Such unnecessary prolixity and surplusage obscures, rather than clarifies, the nature of the DM Plaintiffs' claims.

The parties in the DM case have been locked in a battle over the scope of the pleadings for three months and as a result, no scheduling order has been issued in either of these cases. (*See* Case No. 14-14697, Dkts. 12, 19, 21.) The DM Plaintiffs filed a motion to strike Defendant's answer on March 6, 2015, alleging that some of Defendant's responses were invalid under Federal Rule of Civil Procedure 8 and that Defendant's affirmative defenses should be stricken as "boiler plate." (Dkt. 12.) Defendant responded on March 30, 2015 (Dkt. 13), and voluntarily filed an amended answer on March 27, 2015 (Dkt. 15), but Plaintiffs maintained in their reply brief that the amended answer did not cure the original pleading's defects (Dkt. 17, pp. 3-4.)

Then, on April 28, 2015, Defendant filed a motion to dismiss Count VI of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 19.) Count VI alleges discrimination under Michigan's Elliott-Larsen Civil Rights Act. (Dkt. 1, ¶¶ 205-210.) The motion is fully briefed. (*See* Dkts. 19, 22, 26.)

Finally, on May 27, 2015, the DM Plaintiffs filed for leave to amend their Complaint. (Dkt. 21.) Defendant initially objected, arguing that any amendment would be futile because Count VI would still not be able to survive Defendant's motion to dismiss despite Plaintiffs' proposed amendments.[4] (Dkt. 27, p. 8.) The Court will now address each motion.

---

[4] On June 18, 2015, the parties in the DM case submitted a proposed order in which they stipulated to allowing Plaintiffs fourteen days to file their first amended Complaint, and to denying Plaintiffs' motion to strike Defendant's answer (Dkt. 12) and Plaintiffs' motion for leave to file their first amended complaint (Dkt. 21) as moot. In addition, the parties stipulated to denying without prejudice Defendant's motion to dismiss Count VI of Plaintiffs' Complaint. In lieu of adopting this stipulation, the Court enters this Order.

5

**A. DM Plaintiffs' Motion for Leave to File an Amended Complaint**

The DM Plaintiffs wish to amend their complaint to include: (1) additional facts related to "the impact the Township's discriminatory practices have had on Plaintiff Buser"; and (2) "additional facts and evidence supporting Plaintiffs' claim under the Elliott-Larsen Civil Rights Act." (Dkt. 21, p. 1.) After initially opposing the motion to amend, as stated, Defendant has now proposed stipulating to allow Plaintiffs to amend their complaint. The decision to grant or deny a motion to amend a pleading is left to the discretion of the Court. *See Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* Amendments, however, should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Applying this standard, the Court finds that granting the DM Plaintiffs leave to file a first amended Complaint is appropriate. There is no evidence of undue delay, lack of notice, bad faith, repeated failure to cure deficiencies, or undue prejudice to Defendants.[5] Accordingly, Plaintiffs' proposed first amended Complaint

---

[5] In addition, the parties in the above-captioned cases agreed in the March 10, 2015 joint discovery plan to allow Plaintiffs to amend their pleadings through June 15, 2015. (Case No. 14-14601, Dkt.

(Dkt. 21, Ex. 1) is accepted for filing.  Defendant's motion to dismiss Count VI of the earlier Complaint (Dkt. 19) is now therefore moot. Defendants shall file responsive pleadings to the first amended Complaint within the time limits set forth in Federal Rule of Civil Procedure 12(a) and shall take account of the Court's direction to abide by the requirements of Federal Rule of Civil Procedure 8.

**B. Declining Supplemental Jurisdiction Over State Law Claims**

As stated above, the Court will accept the DM Plaintiffs' proposed amended Complaint for filing. However, the Court declines to exercise supplemental jurisdiction over all state law claims.[6] "A district court has the power to dismiss or remand claims sua sponte for lack of subject matter jurisdiction." *See, e.g., Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060-DT, 2010 WL 3905482, at *15 (E.D. Mich. Sept. 30, 2010). Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. In some circumstances, additional purely state law claims may be heard under the supplemental jurisdiction granted federal courts under 28 U.S.C. § 1367. In addition to federal causes of action, Plaintiffs in

---

11; Case No. 14-14697, Dkt. 13.) Plaintiffs filed for leave to amend their complaint on May 27, 2015. (Dkt. 21.) On June 25, 2015, the parties filed a second joint discovery plan that revises the original recommended case management dates, allowing Plaintiffs to amend their pleadings through September 15, 2015. (Case No. 14-14601, Dkt. 13, pp. 8-9; Case No. 14-14697, Dkt. 29, pp. 9-10.) Although the Court has not yet entered a scheduling order in this case, the parties informed the Court during the June 11, 2015 telephonic status conference that they are proceeding as though the joint discovery plan had been entered and was in force. The Court therefore gives some weight to the parties' agreement.

[6] As will be discussed in greater detail below, these cases will be consolidated.  Consequently, the Court is declining to exercise supplemental jurisdiction with respect to state law claims in both cases.

the above-captioned cases have alleged a series of state law claims. In the DM case, Plaintiffs have alleged the following state law claims:

1) In Count III, a violation of the Due Process clause of the Michigan State Constitution arising from Defendant's refusal "to allow rezoning of the Land in the manner approved by the Planning Commission" and Defendant's denial of Plaintiff DM's reasonable accommodation request (*See* Dkt. 1, ¶¶ 172-183);

2) In Count IV, a violation of Michigan's Zoning Enabling Act based on Defendant's refusal "to grant a reasonable accommodation" and its adoption of an exclusionary zoning regime that "exceeds and abuses the authority given the Township under the Michigan Zoning Enabling Act." (*See Id.* at ¶¶ 173-194);

3) In Count V, a violation of Michigan's Persons with Disabilities Civil Rights Act based on Defendant's refusal "to make a reasonable accommodation necessary to afford persons with a disability equal opportunity to use and enjoy residential property in Oakland Township." (*See Id.* at ¶¶ 195-204); and

4) In Count VI, a violation of Michigan's Elliott-Larsen Civil Rights Act, as shown by "public sentiments and prejudices revealed in the public debates about Blossom Ridge [which further] revealed an unlawful animus against the employment of persons from Pontiac or Detroit or 'outside the Township'" (*See Id.* at ¶¶ 205-210).

In the Veterans case, Plaintiff alleges a state law claim in Count III of its Complaint: that Defendant violated Michigan's Persons with Disabilities Civil Rights Act by refusing "to make a reasonable accommodation necessary to afford

8

persons with a disability equal opportunity to use and enjoy residential property in Oakland Township." (*See* Case No. 14-14601, Dkt. 1, ¶¶ 232-223.)

The decision whether to exercise supplemental jurisdiction over these state law claims is within the Court's discretion, because these claims "form part of the same case or controversy" as the claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(a); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). At the same time, it is also within the Court's discretion to decline supplemental jurisdiction where appropriate under the provisions of 28 U.S.C. § 1367(c) and in consideration of the interests of comity and judicial economy. In this case, the Court believes that §§ 1367(c)(2) and (4), as well as considerations of comity and judicial economy, counsel in favor of declining supplemental jurisdiction.

### 1. Legal Standard

A district court's authority to decline supplemental jurisdiction is governed by 28 U.S.C. § 1367. The statute recognizes a court's discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The United States Supreme Court has recognized a district court's discretion in hearing state law claims: "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the state claims ...." *Gibbs*, 383 U.S. at 726; *Baer v. R & F Coal Co.*, 782 F.2d 600, 603 (6th Cir.1986). The *Gibbs* Court stated that pendent jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. 383 U.S. at 726-27.

Congress' adoption of 28 U.S.C. § 1367 codified *Gibbs*, and the Court has since affirmed that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Supplemental jurisdiction is thus "a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* A district court may therefore, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a).

### 1. Declining Jurisdiction Pursuant to 28 U.S.C. § 1367(c)(2)

While the state law claims in the above-captioned cases are, in some senses, related to the federal issues, the state law claims would substantially predominate over the three federal claims. A district court may decline to exercise supplemental jurisdiction pursuant to section 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Under this exception, dismissal is appropriate where the state law claims will either require elements of proof distinct from the federal claim, or cause a substantial expansion of the suit beyond that necessary and relevant to the federal claim. *Burch v. Medilodge of Port Huron, LLC*, No. 12-CV-13454, 2013 WL 1499344, at *1 (E.D. Mich. Apr. 11, 2013).

The DM and Veterans Plaintiffs have alleged federal claims pursuant to the Americans with Disabilities Act and the Fair Housing Act for discriminatory housing practices under theories of disparate treatment and disparate impact, and, in the DM case specifically, under the Equal Protection and Due Process clauses of the United States Constitution. The state law claims are broader, and more numerous, and allege violations of Michigan's Constitution, Zoning Enabling Act, Persons with Disabilities Civil Rights Act, and Elliott-Larsen Civil Rights Act. These state law claims span substantive due process violations, exclusionary zoning, discrimination because of a disability, and, apparently, employment discrimination based on race as well as age and familial status discrimination.

11

There is no doubt that the state law claims would substantially expand the scope of the above-captioned cases.

The Court recognizes some benefits to litigating all related claims in the same forum, but it is also aware that it is appropriate to decline supplemental jurisdiction "where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Commodities Exp. Co.,* 2010 WL 3905482, at *18-20 (quoting *Borough of West Mifflin v. Lancaster*, 43 F.3d 780, 789 (3rd Cir. 1995).

The DM and Veterans Plaintiffs, at the heart of their case, want the Court to overrule Oakland Township's denial of Plaintiff Moceri/DM Investments, LLC's request for a special accommodation under local zoning regulations and allow Blossom Ridge to be constructed. Retaining the state law claims will allow this uniquely state law issue to predominate over any federal issues. Under such circumstances, dismissal is appropriate under 28 U.S.C. § 1367(c)(2). *See, e.g., Detroit Mem'l Park Ass'n, Inc. v. City of Detroit Bd. of Zoning Appeals*, --- F.Supp.3d ----, 2015 WL 2343879, at *10 (E.D. Mich. May 14, 2015) (declining supplemental jurisdiction over state law claim where Court explained that "Count I of Plaintiffs' complaint, the zoning appeal claim, is the heart of this matter and this Court concludes that it substantially predominates over the federal claims in this action. That zoning appeal claim predominates over the federal claims in this action in terms of proof, scope of issues raised, and comprehensiveness of remedies. It is the

12

only claim that can potentially give Plaintiffs the ultimate relief they seek—an outright reversal of the zoning decision.")

### 2. Declining Jurisdiction Pursuant to 28 U.S.C. § 1367(c)(4)

Dismissal is also appropriate pursuant to 28 U.S.C. § 1367(c)(4). As noted above, Plaintiffs' state law claims primarily concern the validity of local zoning regulations and the validity of Defendant's denial of a reasonable accommodation request under those regulations. Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Under this exception, the District Court must articulate why the circumstances of the case are exceptional and then balance "economy, convenience, fairness, and comity," as the Supreme Court instructed in *Gibbs*. *Carnegie–Mellon*, 484 U.S. at 350 (citing *Gibbs*, 383 U.S. at 726–27). The Court finds that the strong federalism and comity concerns implicated in these cases counsel against exercising jurisdiction.

Both exceptional circumstances and compelling reasons are present here. As other district courts in this Circuit have noted, mixing federal and state law claims can, in some circumstances, cause procedural and substantive problems that should be avoided. *See, e.g.*, *Detroit Mem'l Park Ass'n, Inc.*, 2015 WL 2343879, at *8-10; *Commodities Exp. Co.*, 2010 WL 3905482, at *18-20. As the Court in *Frankel v. Detroit Medical Center*, 409 F.Supp.2d 833 (E.D. Mich. 2005), held:

> Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial

13

> systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.
>
> The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

*Frankel*, 409 F.Supp.2d at 833, 835.

In above-captioned cases, for example, the litigation has already resulted in prolonged pre-trial practice and the simultaneous consideration of state and federal claims could further complicate the trial and jury instructions, potentially confusing the jury and leading to inconsistent verdicts and even post-trial problems.[7] Although the federal and state claims in the above-captioned cases arise out of the same facts, and as a result there may be some duplication of effort required if Plaintiffs chose to pursue their state law claims in state court, the advantage of convenience in this particular circumstance is outweighed by the possibility of confusion about the issues, legal theories, defenses, and possible relief.

These cases also present compelling reasons for declining supplemental jurisdiction. In their Complaints, the DM and Veterans Plaintiffs urge the Court to declare Defendant's "zoning regime" to be unlawful and to grant a reasonable accommodation allowing the development to be built on the land owned by Plaintiff Moceri/DM Investments, LLC. (Case No. 14-14601, Dkt. 1, pp. 40-42; Case No. 14-

---

[7] Defendant has made a jury demand in both of the above-captioned cases. (Case No. 14-14601, Dkt. 7; Case No. 14-14697, Dkt. 15.)

14697, Dkt. 1, ¶¶A-G.) Federal courts, however, "are ill-suited to reviewing the decisions of local zoning boards and their particularly local concerns." *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 1996 WL 678228 at *7 (6th Cir., Nov. 21, 1996). As the Sixth Circuit has held, although "concerns for efficiency and convenience may weigh in favor of exercising jurisdiction, the fact that zoning regulations are of primarily local concern in which the principles of federalism are particularly strong," can weigh in favor of declining jurisdiction. *Id.* (quoting *Goldberg v. Charter Township of West Bloomfield*, No. 90-1039, 1990 WL 208597 *4 (6th Cir., Dec. 17, 1990)).

The Court recognizes that the exception under 28 U.S.C. § 1367(c)(4) "should be interpreted quite narrowly." *Baskin*, 1996 WL 678228 at *7. Federal courts, however, "were not created to be the Grand Mufti of local zoning boards nor do they sit as super zoning boards or zoning boards of appeals." *T-Mobile Cent., LLC v. City of Grand Rapids*, No. 1:06-CV-747, 2007 WL 1287739, at *7 (W.D. Mich. May 2, 2007) (quoting *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344 F.3d 822, 832 n. 5 (9th Cir.2003) and collecting cases). Because strong federalism and comity concerns counsel against this Court issuing rulings on matters of state law that federal courts are "ill-suited" to resolving, the Court will, in the early stage of litigation, dismiss all claims in the above-captioned cases that Defendant's actions violated Michigan state law.

**C. Consolidation**

Finally, in light of the similarity of the claims, issues of fact and law, and parties, these cases ought to be consolidated. On January 13, 2015, Case No. 14-14697 was reassigned to this Court as a companion to Case No. 14-14601. (Case No. 14-14697, Dkt. 4.) For purposes of discovery, the parties have already agreed to consolidate. (Case No. 14-14601, Dkt. 13, p. 8; Case No. 14-14697, Dkt. 29, p. 9.)

Because these cases involve common questions of law or fact that arise out of the denial of Plaintiff Moceri/DM Investments, LLC's plan to build a multi-family housing development in the Defendant township for the elderly and disabled, Case No. 14-14697 and Case No. 14-14601 will be consolidated in accordance with Federal Rule of Civil Procedure 42(a), under the lower case number of 14-14601. Case No. 14-14697 will be statistically dismissed.

## II. CONCLUSION

Accordingly, in Case No. 14-14697, Plaintiffs' motion for leave to file their first amended complaint (Dkt. 21) is **GRANTED** and the complaint attached to the motion as Exhibit 1 is accepted for filling.

The state law claim alleged in Count III in Case No. 14-14601, and the state law claims alleged in Counts III, IV, V, and VI in Case No. 14-14697, however, are **DISMISSED WITHOUT PREJUDICE**.

Therefore, in Case No. 14-14697, Plaintiffs' motion to strike Defendant's answer (Dkt. 12) and Defendant's motion to dismiss Count VI of Plaintiff's complaint (Dkt. 19) are **DENIED AS MOOT**.

Finally, Case No. 14-14697 and Case No. 14-14601 are **HEREBY ORDERED** to be consolidated under the lower case number of 14-14601, and the Clerk's Office is directed to amend the case caption accordingly. Case No. 14-14697 is statistically **DISMISSED**.

    **SO ORDERED.**

                                            s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

Dated: July 2, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 2, 2015, using the CM/ECF system, which will send notification to each party.

                                          By: s/A. Chubb
                                          Case Manager